UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANITA MONTALBO,

    Plaintiff,

v.

KOHL'S DEPARTMENT STORES, INC.,

    Defendant.                               CASE NO.:  5:15-cv-482-TJC-PRL

### PLAINTIFF'S MOTION TO COMPEL AND FOR SANCTIONS

**COMES NOW**, Plaintiff, Anita Montalbo, by and through her undersigned counsel respectfully requests that this Honorable Court grant her Motion to Compel and for Sanctions pursuant to Federal Rule of Civil Procedure 34(b)(2)(C) and 37, and asserts the following:

### Introduction

1. The Defendant was just sanctioned in this District in the *Douglas v. Kohl's Department Stores, Inc.*, No.:6:15-cv-1185-Orl-22TBS, (M.D. Fla. April 20, 2016) (Exhibit A) for their discovery abuse and blatant failure to follow the basic Federal Rules of Civil Procedure, in a very similar lawsuit and shockingly continues this same misconduct. (Please see attached **Exhibit A**).

2. Plaintiff's Complaint [Doc. 1] asserts Kohl's Department Stores, Inc., ("Kohl's") illegally robocalled the Plaintiff, Ms. Montalbo, 800 times and tried to harass her into to paying her deceased husband's debt although she did not owe it.  This happened in the face of Ms. Montalbo begging for the robocalls to stop and despite repeated recorded conversation

explaining she did not owe her deceased husband's debt, in gross violation of the Telephone Consumer Protection Act ("TCPA") and Florida Consumer Collection Practices Act ("FCCPA").

## Discovery Misconduct

3. Plaintiff served her Request for Production of Documents, on Kohl's on March15, 2016.

4. On April 18, 2016, Defendant served their Responses to Plaintiff's Request for Production. (**Exhibit B**, Objections and Responses of Defendant Kohl's Department Stores, Inc. to Plaintiff's First Request for Productoon of Documents, Electronically Stored Information, and Tangible Things. These "Objections and Responses" include Plaintiff's Request for Production)

5. Defendant's Objection and Responses to Requests 11, 26, 29 and 40 are practically verbatim the exact responses they were just sanctioned for in the *Douglas* case, as can be seen below:

> **REQUEST NO. 11:** Documents evidencing your policy and procedures for documenting "telephone calls" and/or conversation with individuals called by Defendant on the "Account(s)" during the "relevant time period."
>
> **RESPONSE TO REQUEST NO. 11: In response to Request Number 12, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**
>
> **REQUEST NO. 26:** Copies of any and all power point presentations or other presentation related software detailing the use of and/or what equipment/software constitutes an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE TO REQUEST NO. 26:** In response to Request Number 26, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (c) it would require Defendant to draw multiple legal conclusions in order to respond; and (d) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

**REQUEST NO. 39:** A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:** In response to Request Number 39, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is confusing and incomprehensible; (c) it would require Defendant to draw multiple legal conclusions in order to respond; and (d) it calls for documents and/or communications protected by attorney-client privilege or work product privilege. Subject to and without waiving said objections, Plaintiff and her husband, Liberato Montablo, provided (352) 804-6743 (the "6743 Number") at the time of application, thus providing expressed consent under the law to be called using an automatic telephone dialing system, artificial voice and/or prerecorded voice.

**REQUEST NO. 40:** A copy of all policies and procedure which concern or relate to practices to be followed by Defendant in communicating with or attempting to collect a debt from the Plaintiffs and specifically related to compliance with 15 U.S.C. §§ 1692f, 1692(d), 1692(d)(5), F.S. §§ 559.72(7) and 559.72(9).

**RESPONSE TO REQUEST NO. 40:** In response to Request Number 40, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it would require Defendant to draw multiple legal conclusions in order to respond; and (c) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

6. Despite being sanctioned for this misconduct in the *Douglas* case, the Defendant is undeterred whatsoever. In fact, the only real difference in their response in this case and their response in the *Douglas* case is the Request for Production number azare different by one digit. e.g. in *Douglas* these requests were 12, 27, 39 and 41; in this case, the Request for Production are 11, 26, 39, and 40. (**Exhibit C**, Objections and Responses of Defendant Kohl's Department Stpres, Inc. to Plaintiff's First Request for Production of Documents, Electronically Stored Information, and Tangible Things in the *Douglas* case. These "Objections and Responses" include Plaintiff's Request for Production).

7. Defendant's responses in this case fail to comply with both Fed.R.Civ.P. 26(b)(5)(A) and 34(b)(2)(C), just as they did in the *Douglas* case.

8. In the *Douglas* sanction Order (**Ex.** A, Doc. 50, page 3) the Court admonishes Kohl's stating, "Defendant's objections do not explain why the requests are irrelevant, overbroad, or otherwise objectionable." Further noting that, "The Court does not consider frivolous, general, or boilerplate objections."

9. As can be seen in this case, Defendant's "Objection and Responses" (**Ex. B**) are the absolute identical responses that they were sanctioned for two months ago, as can clearly be seen in their four pages of "General Objections and Qualifications."

10. The *Douglas* sanction Order (**Ex. A**, Doc. 50, *Id.*) also restates that all objections shall, "state with specificity the grounds for objection to the request, including the reasons." These basic rules of discovery should not need to be explained to Kohl's in the first place much less again. They should know better, and do, but continue with this misconduct because they apparently think they can get away with it.

11.    Not only do Defendant's cut and paste responses above violate Rule 34(b)(2)(B), but additionally their same violations of can be found in response to Plaintiff's Request for Production: 1, 2, 3, 8, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 25, 27, 28, 30, 32, 33, 34, 35, 36, 37, 38, 39, 41, 48, 49, 50, and 51.

12.    Defendant's responses, which lack any good faith basis, make it unclear and leave the Plaintiff to only speculate whether responsive documents were produced, are withheld, or even exsist at all.

13.    Plaintiff has met the 3.01(g) obligation prior to filing this motion. What makes the Defendant's misconduct all the more outrageous is that Plaintiff's counsel sent an email to defense counsel well in advance to the July 7, 2016 telephone 3.01g conference. (**Exhibit D**, Email) This email specifically "reminded" them that "[t]he same baseless cut and paste objections the defense has just been recently sanctioned for are continuing here and proper responses have not been provided" and that Plaintiff expected complete discovery responses and those in accordance with the Rules of Civil Procedure and in accordance with the *Douglas* Sanction Order, on or before July 7, 2016. Additionally, the email stated that undersigned was not going to fall for our "client is on vacation excuse" that has already been used and abused in the past by defense counsel. (**Ex. D**). However, Defense counsel Lauri Mazuchetti, predictably did in fact say that she needed another seven days to amend the responses because of a "family vacation." This conversation was witnessed by Plaintiff counsel Amanda Allen and Defense counsel Michael Innes who were all part of the 3.01(g) conference. In an exercise in patience and belief that maybe the Defendant and their counsel would finally begin acting in good faith, coupled with the fact that lawyers should act with the utmost professionalism and accommodate all reasonable requests, especially those concerning family, the additional seven days was agreed

5

to by the undersigned.  Not to belabor this continued pattern of misconduct, but in the *Douglas* case the delays were exactly like the ones currently being experienced in this matter, with promises to produce amended responses by a certain date and that promise being broken.

14. It is noteworthy, that Lauri Mazzuchetti and Michael Innes are lead counsel in at least four additional TCPA and FCCPA cases against Kohl's in Florida Federal Courts. (e.g. *Douglas v. Kohl's*, No. 6:15-cv-01185 (M.D. Fla. July 23, 2015), *Humphrey v. Kohl's*, No. 16-cv-00812 (M.D. Fla. May 12, 2016) *Pritchard v, Kohl's*, No. 16-cv-01049 (M.D. Fla. Apr. 28, 2016) S*immons v. Kohl's*, No. 16-cv-00150 (N.D. Fla May 3, 2016)).  These out of state lawyers, who do not have a license to practice law in Florida, appear to be setting up shop in Florida and conducting themselves in a manner that should at least put their pro hac vice status in jeopardy.

15. This continued misconduct should not be tolerated by this Court.

**WHEREFORE**, Plaintiff respectfully requests this Court Order compelling Defendant, Kohl's, to properly respond to the outstanding discovery requests, in addition to sanctions, paying Plaintiff's attorney fees associated with the bringing of this motion in addition to all other relief this Court deems proper and just.

Dated this 18th day of July, 2016

*s/William Peerce Howard*

William Peerce Howard, Esq.
Florida Bar No.:  0103330
Billy@TheConsumerProtectionFirm.com
THE CONSUMER PROTECTION FIRM
210-A South MacDill Avenue
Tampa, FL 33609
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was filed electronically on the **18th day of July, 2016**, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System.

*s/William Peerce Howard*
William Peerce Howard, Esquire
Florida Bar #: 0103330

Case 5:15-cv-00482-TJC-PRL   Document 27   Filed 07/18/16   Page 8 of 8 PageID 110