UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

PATRICIA DOUGLAS,

     Plaintiff,

v.                               Case No:  6:15-cv-1185-Orl-22TBS

KOHL'S DEPARTMENT STORES, INC.,

     Defendant.

_____

## ORDER

     Plaintiff Patricia Douglas alleges that Defendant Kohl's Department Stores, Inc., violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.*, by repeatedly phoning her in an attempt to collect a debt (Doc. 1).   Now, the case comes before the Court without oral argument on Plaintiff's Motion to Compel (Doc. 39); Defendant Kohl's Department Stores, Inc.'s Opposition to Plaintiff's Motion to Compel (Doc. 42); and Plaintiff's Reply to Defendant, Kohl's Department Stores, Inc.'s Opposition to Plaintiff's Motion to Compel (Doc. 47).   For the reasons that follow, the motion is due to be **GRANTED**.

     Plaintiff propounded requests for the production of documents to Defendant (Doc. 39 at 3-7).   When that occurred is unknown because Plaintiff neglected to include this information in her motion.   The motion to compel concerns the following requests and responses:

          **Request No. 12**:  Documents evidencing your policy and procedures for documenting "telephone calls" and/or conversation with individuals called by Defendant on the "Account(s)" during the "relevant time period."

Exhibit A

**Response to Request No. 12**:   In response to Request Number 12, Defendant incorporates by reference all General Objections set forth above.   Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

**Request No. 27**:   Copies of any and all power point presentations or other presentation related software detailing the use of and/or what equipment/software constitutes an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**Response to Request No. 27**:   In response to Request Number 27, Defendant incorporates by reference all General Objections set forth above.   Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (c) it would require Defendant to draw multiple legal conclusions in order to respond; and (d) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

**Request No. 39**:   A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**Response to Request No. 39**:   In response to Request Number 39, Defendant incorporates by reference all General Objections set forth above.   Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it would require Defendant to draw multiple legal conclusions in order to respond; and (c) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

**Request No. 41**:   A copy of all policies and procedure which concern or relate to practices to be followed by Defendant in communicating with or attempting to collect a debt from the Plaintiffs and specifically related to compliance with 15 U.S.C. §§ 1692f, 1692(d), 1692(d)(5), F.S. §§ 559.72(7) and 559.72(9).

> **Response to Request No. 41**:   In response to Request
> Number 41, Defendant incorporates by reference all General
> Objections set forth above.   Defendant further objects to this
> Request on the grounds that: (a) it seeks information that is
> neither relevant nor reasonably calculated to lead to the
> discovery of admissible evidence; (b) it would require
> Defendant to draw multiple legal conclusions in order to
> respond; and (c) it calls for documents and/or communications
> protected by attorney-client privilege or work product privilege.

(Doc. 39 at 3-7).

Federal Rule of Civil Procedure 34(b)(2)(B) provides that objections to requests for production shall "state with specificity the grounds for objection to the request, including the reasons."   The Court does not consider frivolous, conclusory, general, or boilerplate objections.   Creative Touch Interiors, Inc. v. Nicholson, No. 6:14-cv-2043-Orl-40TBS, 2015 WL 5952986, at *2 (M.D. Fla. Oct. 13, 2015).   Defendant's objections do not explain why the requests are irrelevant, overbroad, or otherwise objectionable. Accordingly, they are **OVERRULED**.   Nationwide Mut. Fire Ins. Co. v. Kelt, Inc., No. 6:14-cv-749-Orl-41TBS, 2015 WL 1470971, at *3 (M.D. Fla. Mar. 31, 2015) (citing Arthrex, Inc. v. Parcus Med., LLC, No. 2:11-cv-694-FtM-29SPC, 2012 WL 5382050, at *3 (M.D. Fla. Nov. 1, 2012)).

In its response to the motion to compel, Defendant represents that it has "produced all documents responsive to the Requests," and that the issues raised in Plaintiff's motion "have already been resolved."   (Doc. 42 at 3).   But in her reply, Plaintiff asserts that whether this is true "remains unclear."   (Doc. 47, ¶ 1).   Plaintiff represents that a significant number of the documents were produced after the motion to compel was filed (Id. at ¶¶ 2-4).   She also notes that Defendant has not withdrawn its objections, provided a description of what, if any documents are being withheld on the basis of privilege, or otherwise amended its response to the request for production (Id. at ¶ 5).

- 3 -

"When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed--and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." FED. R. CIV. P. 26(b)(5)(A). When a party objects to a request for production, its "objection must state whether any responsive materials are being withheld on the basis of that objection." FED. R. CIV. P. 34(b)(2)(C). Defendant shall comply in full with Rules 26(b)(5)(A) and 34(b)(2)(C) within 7 days from the rendition of this Order.

Defendant has failed to make timely discovery, has failed to comply with Rule 26(b)(5)(A), and has failed to comply with Rule 34(b)(2)(C). In this circumstance, FED. R. CIV. P. 37(d)(3) authorizes the court to "require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Rule 37(a)(5)(A) provides that a Court must grant "reasonable expenses incurred in making the motion, including attorney's fees," unless the movant filed the motion before attempting in good faith to obtain the disclosure without court action; the opposing party's position was substantially justified; or other circumstances make award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A). None of the exceptions apply. Accordingly, Plaintiff is **AWARDED** her reasonable legal expenses, including attorney's fees, to prosecute her motion to compel. If the parties do not sooner agree, then Plaintiff shall file her application for legal expenses within 14 days from the rendition of this Order, whereupon Defendant shall have 14 days to file its response. The Court anticipates resolving the issue of legal expenses on the parties'

papers, without a hearing.

DONE and ORDERED in Orlando, Florida on April 20, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record