# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

ANITA MONTALBO,

      Plaintiff,

-VS-                                  CASE NO.: 5:15-cv-482-TJC-PRL

KOHL'S DEPARTMENT STORES, INC.,

      Defendant.

## OBJECTIONS AND RESPONSES OF DEFENDANT KOHL'S DEPARTMENT STORES, INC. TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND TANGIBLE THINGS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, Defendant Kohl's Department Stores, Inc. ("Kohl's" or "Defendant") hereby responds and objects to Plaintiff Anita Montalbo's ("Plaintiff") First Request for Production of Documents, Electronically Stored Information, and Tangible Things ("Requests for Production").

## GENERAL OBJECTIONS AND QUALIFICATIONS

In addition to the specific responses and objections separately set forth below, Kohl's responses to Requests for Productions are subject to the following General Objections, whether or not specifically referred to therein.

1.      The following responses to the Requests for Production are based upon information presently known to be available to Kohl's, and except where explicit facts are admitted herein, no incidental or implied admissions are intended hereby. The fact that Kohl's has responded to any part of a Requests for Production should not be taken as an admission that Kohl's accepts or admits

Exhibit B

the existence of any facts set forth or presumed by the Requests for Production or that such responses constitute admissible evidence.  The fact that Kohl's has responded to part or all of a Requests for Production is not intended and shall not be construed as a waiver by Kohl's of all or any part of any objection to any Requests for Production.

2.      Kohl's objects to the Requests for Production to the extent that they seek information and/or documents protected from disclosure by the attorney-client communication privilege, the attorney work product doctrine, or any other applicable privilege.  To the extent any such protected information is inadvertently disclosed in response to any Requests for Production, the disclosure of such information is not intended to constitute a waiver of Kohl's right to assert the applicability of any privilege or immunity to the information.

3.      Kohl's objects to the Requests for Production to the extent that they call for information and/or documents of a confidential and proprietary nature within the meaning of Fed. R. Civ. P. 26.

4.      Kohl's objects to the Requests for Production to the extent that they call for information and/or documents in the possession, custody or control of persons or entities other than Kohl's or that are publicly available.

5.      Kohl's objects to the Requests for Production to the extent that they call for information and/or documents regarding entities or individuals other than Kohl's.  Kohl's is only responding on its behalf, and not on behalf of any other entity or individual.

6.      Kohl's objects to the Requests for Production to the extent that they call for legal conclusions.

7.      Kohl's objects to the Requests for Production to the extent that they call upon Kohl's to identify "all" or "any" persons, facts and/or documents on the grounds that such Interrogatories and/or Requests are overly broad, seek to impose an undue burden upon Kohl's, and seek information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

8.      Kohl's objects to the Requests for Production to the extent that they seek the generation, compilation, or creation of documents or extraction of information that is not already in existence or that is not maintained by Kohl's in the ordinary course of business.

9.      Kohl's objects to the Requests for Production to the extent that the information and/or documents requested are incapable of being readily retrieved from Kohl's computer system(s) and it would therefore be overly burdensome and costly to retrieve such information and documents.  Kohl's will only produce such documents to the extent that they are in its possession and/or can be retrieved from its computer system(s) without placing an unnecessary burden or expense upon Kohl's.

10.     Kohl's objects to the Requests for Production to the extent they assume facts that have not been established.

11.     The absence of an objection shall not be deemed to be an acknowledgment that documents and/or information responsive to the Requests for Production exist.

12.     These objections and responses are based on information currently known to Kohl's, after a reasonable inquiry.  Kohl's reserves the right to supplement and/or amend these responses if additional information and/or documents become known to it.

3

13.     Kohl's also objects to the Requests for Production to the extent that Plaintiff's Requests for Production propounded therein use language not defined by the discovery requests on the grounds that the use of such language places the burden on Kohl's to determine at its peril the meaning of such language and whether information is responsive thereto.  Kohl's further objects to the extent that the use of undefined language makes Plaintiff's Requests for Production overly broad, vague and ambiguous, or unduly burdensome.  In addition, Kohl's objects to the extent that the use of undefined language fails to set forth the category of information sought with reasonable particularity.

### GENERAL OBJECTIONS TO PLAINTIFF'S DEFINITIONS AND INSTRUCTIONS

In addition to the specific responses and objections separately set forth below, Kohl's responses to the Requests for Production are subject to the following General Objections to Plaintiff's Definitions and Instructions, whether or not specifically referred to therein.

1.     Kohl's objects to Plaintiff's definition of "KOHL'S DEPARTMENT STORES, INC.", "Defendant", "you", and "your" as being overly broad to the extent that it includes its "directors, officers, sales agents, collection agents, debt collectors, managers, supervisors, general agents, agents (including attorneys, accountants, consultants, investment advisors or bankers), employees, representatives and any other persons purporting to act on their behalf" and "divisions, affiliates, subsidiaries, predecessor entities, acquired entities, and/or related entities or any other entity acting or purporting to act on its behalf… ."  In its responses, Kohl's understands the terms "KOHL'S DEPARTMENT STORES, INC.", "Defendant", "you", and "your" to mean Kohl's Department Stores, Inc.  Accordingly, in these responses, Kohl's is not responding on behalf of any entity other than Kohl's Department Stores, Inc.

4

2.      Kohl's objects to the Definitions and Instructions to the extent they are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and/or beyond the scope of, or in conflict with, the Federal Rules of Civil Procedure and/or the Local Rules for the United States District Court for the Middle District of Florida.

3.      Kohl's objects to the Definitions and Instructions to the extent they require Kohl's to affirmatively search for information that is not currently in its care, custody or control or within its current knowledge.

4.      Kohl's objects to the Definitions and Instructions to the extent they require Kohl's to disclose information protected by the attorney-client privilege, work product doctrine or any other applicable privilege or immunity.

5.      Kohl's objects to Plaintiff's definition of an "automatic telephone dialing system" because it constitutes a legal conclusion and to the extent that it differs from the definition of such term as used in the Telephone Consumer Protection Act, 47 U.S.C. § 227, or the regulations promulgated thereunder.

6.      Kohl's objects to Plaintiff's definition of an "artificial voice" because it constitutes a legal conclusion and to the extent that it differs from the definition of such term as used in the Telephone Consumer Protection Act, 47 U.S.C. § 227, or the regulations promulgated thereunder.

7.      Kohl's objects to Plaintiff's definition of a "prerecorded voice" because it constitutes a legal conclusion and to the extent that it differs from the definition of such term as used in the Telephone Consumer Protection Act, 47 U.S.C. § 227, or the regulations promulgated thereunder.

8.      Kohl's objects to Plaintiff's definition of an "established business relationship" because it constitutes a legal conclusion and to the extent that it differs from the definition of such term as used in the Telephone Consumer Protection Act, 47 U.S.C. § 227, or the regulations promulgated thereunder.

## RESPONSES TO DOCUMENT REQUESTS

1.     Documents you used to comply with the 47 U.S.C. §227(b)(1)(A)(iii) of the "TCPA" concerning your "telephone calls made" to the "Plaintiff's cellular telephone number" during the "relevant period."

**RESPONSE:  In response to Request Number 1, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

2.     Documents you used to comply with the F.S. §559.72(7) of the FCCPA concerning your telephone calls made to the Plaintiff during the relevant time period.

**RESPONSE:  In response to Request Number 2, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

3.     Documents you used to comply with the F.S. §559.72(9) of the FCCPA concerning your telephone calls made to the Plaintiff during the relevant time period.

**RESPONSE:  In response to Request Number 3, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

4.     Documents you received from the Plaintiff during the relevant time period.

**RESPONSE:  In response to Request Number 4, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this request on the grounds that: (a) the discovery requested is already in possession of the Plaintiff; and (b) it**

**seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant will produce any correspondence received from Plaintiff should any such documents exist..**

5.    Documents evidencing the contract or agreement which Defendant contends authorized Defendant to place "telephone calls" to "Plaintiff's cellular telephone number" using an "automatic telephone dialing system," "artificial voice," and/or pre-recorded voice during the "relevant period."

**RESPONSE: In response to Request Number 5, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it assumes facts not in evidence; and (b) it would require Defendant to draw multiple legal conclusions in order to respond.**

**Subject to, and without waiving said general and specific objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist..**

6.    Documents evidencing any contract or agreement between Plaintiff and Defendant concerning the "Account(s)" in effect during the "relevant time period."

**RESPONSE:  In response to Request Number 6, Defendant incorporates by reference all General Objections set forth above.**

**Subject to, and without waiving said general objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

7.    Any insurance policies, declaration pages, indemnification agreements or other contracts that Defendant has that may cover the violation(s) alleged in this lawsuit.

**RESPONSE: There may exist defense and indemnification agreements between Defendant and certain third party agencies.**

**Subject to, and without waiving its general objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

8.    Documents evidencing any notes taken, or entered into a computer, contemporaneously with all telephone calls made and/or conversations and/or messages concerning the "Account" at issue in this case, this includes calls by the Defendant to the "Plaintiff's cellular telephone number," or from the Plaintiff to the Defendant, in addition to any third party contact during the "relevant time period." [Commonly referred to as call logs, auto-dialer reporter and/or account notes.]

**RESPONSE: In response to Request Number 8, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

**Subject to, and without waiving said general and specific objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

9.   Documents evidencing the date and time and length of all "telephone calls" made by the Defendant concerning the "Account(s)" during "relevant time period."

**RESPONSE: In response to Request Number 9, Defendant incorporates by reference all General Objections set forth above.**

**Subject to, and without waiving said general objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

10.   Documents evidencing the date and time and length of all "telephone calls" received by Defendant concerning the "Account(s)" during the "relevant time period."

**RESPONSE: In response to Request Number 10, Defendant incorporates by reference all General Objections set forth above.**

**Subject to, and without waiving said general objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

11.   Documents evidencing your policy and procedures for documenting "telephone calls" and/or conversation with individuals called by Defendant on the "Account(s)" during the "relevant time period."

**RESPONSE:  In response to Request Number 11, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

12.   Internal memoranda, bulletins, committee or team reports, emails, meeting minutes, or other documents created or modified within the "relevant time period" concerning or relating to preventing violations of the TCPA of the type alleged in this lawsuit.

**RESPONSE:  In response to Request Number 12, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

13.     Documents, in effect during the "relevant period", describing your tape recording procedures for incoming calls.

**RESPONSE: In response to Request Number 13, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

14.     Documents, in effect during the "relevant period", describing your tape recording procedures for outgoing calls.

**RESPONSE: In response to Request Number 14, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

15.     Documents, in effect during the "relevant period", describing your tape recording procedures for monitoring calls.

**RESPONSE: In response to Request Number 15, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

16.     Tape recordings (or audio files) of any conversations with the Plaintiff which occurred during the "relevant time period."

**RESPONSE: In response to Request Number 16, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

**Subject to, and without waiving said general and specific objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

17.     Tape recordings (or audio files) of any conversations with the actual "Account" holders of Defendant's Account(s) which occurred during the "relevant time period."

**RESPONSE: In response to Request Number 17, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) the meaning of "Account holders" is vague and ambiguous; (b) it is overly broad and unduly burdensome; (c) it invades the privacy rights of a person or entity; and (d) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

**Subject to, and without waiving said general and specific objections, Defendant will produce all non-privileged call records and recordings limited to the status of Plaintiff's account to the extent they exist.**

18.   Documents, in effect during the "relevant time period", describing your retention policy concerning saving tape recordings that are the subject of legal complaints filed against you.

**RESPONSE:  In response to Request Number 18, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

19.   Documents, in effect during the relevant time period, describing Defendant's methods of associating incoming "telephone calls" to one of Defendant's accounts, including the subject Account.

**RESPONSE:  In response to Request Number 19, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it assumes facts not in evidence; and (c) it is vague and ambiguous.**

20.   Copies of all internal memoranda, bulletins, letters, committee or team reports, emails, meeting minutes, or other documents created or modified during the "relevant time period" which instructs or notify your employees, representatives or agents how to respond to or handle any complaints, claims, verbal requests for a cease and desist of Defendant's "telephone calls," and/or other requests to discontinue Defendant's "telephone calls."

**RESPONSE: In response to Request Number 20, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

21.  Copies of all internal emails sent to or received by members of the Defendant's board of directors concerning the TCPA including, but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:  In response to Request Number 21, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overly broad and unduly burdensome; (c) there is no time period restriction on the request; (d) it would require Defendant to draw multiple legal conclusions in order to respond; and (e) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

22.  Copies of all internal emails sent to or received by the President of the Defendant concerning the TCPA including but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:  In response to Request Number 22, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overly broad and unduly burdensome; (c) there is no time period restriction on the request; (d) it would require Defendant to draw multiple legal conclusions in order to respond; and (e) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

23.  Copies of all internal emails sent to or received by the Vice-President of the Defendant concerning the TCPA including, but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:  In response to Request Number 23, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overly broad and unduly burdensome; (c) there is no time period restriction on the request; (d) it would require Defendant to draw multiple legal conclusions in order to respond; and (e) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

24.   Copies of all internal emails sent to or received by Defendant's compliance directors concerning the TCPA including but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:  In response to Request Number 24, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overly broad and unduly burdensome; (c) there is no time period restriction on the request; (d) it would require Defendant to draw multiple legal conclusions in order to respond; and (e) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

25.   Copies of all internal emails sent to or received by individual collectors concerning the TCPA including but not limited to, violations of the TCPA, actions that should be taken to curb violations of the TCPA, actions that should be taken to comply with the TCPA and Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:  In response to Request Number 25, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is overly broad and unduly burdensome; (c) there is no time period restriction on the request; (d) it would require Defendant to draw multiple legal conclusions in order to respond; and (e) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

26.   Copies of any and all power point presentations or other presentation related software detailing the use of and/or what equipment/software constitutes an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:  In response to Request Number 26, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (c) it would require Defendant to draw multiple legal conclusions in order to respond; and (d) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

27.   Defendant's policies and procedures in effect during the "relevant time period" related to "telephone alerts" made by you in calling, communicating with or attempting to communicate with the "Account" holder and involving the use of "telephone calls", an "automatic telephone dialing system," "artificial voice" and/or "prerecorded voice."

**RESPONSE:  In response to Request Number 27, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence;(b) the phrase "telephone alerts" is vague and ambiguous; (c) it would require Defendant to draw multiple legal conclusions in order to respond; and (d) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

28.   All call logs, auto-dialer reports, account notes, or other documents which identify each and every call made by Defendant to "Plaintiff's cellular telephone number" using an "automatic telephone dialing system" during the "relevant time period."

**RESPONSE:  In response to Request Number 28, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it would require Defendant to draw multiple legal conclusions in order to respond; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

29.   All call logs, auto-dialer reports, account notes, or other documents which identify each and every call made by Defendant to "Plaintiffs cellular telephone number" using an "artificial voice" during the "relevant time period."

**RESPONSE:  In response to Request Number 29, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it would require Defendant to draw multiple legal conclusions in order to respond; (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege; (c) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (d) the term "account notes" is vague and ambiguous as used.**

**Subject to, and without waiving said general and specific objections, Defendant will produce call-logs for the relevant time period.**

30.   All call logs, auto-dialer reports, account notes, or other documents which identify each and every call made by Defendant to "Plaintiff's cellular telephone number" using a "prerecorded voice" during the "relevant time period."

**RESPONSE: In response to Request Number 30, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it would require Defendant to draw multiple legal conclusions in order to respond; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

31.   Reports directly from the Defendant's telephone system(s) which identify the date, time and duration of all telephone calls made to "Plaintiff's cellular telephone number" during the "relevant period."

**RESPONSE: In response to Request Number 31, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that the phrase "reports directly from the Defendant's telephone system" is confusing and ambiguous.**

32.   Documents which identify the name of each and every employee of Defendant who made any call to "Plaintiffs cellular telephone number" during the "relevant time period."

**RESPONSE: In response to Request Number 32, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

33.   Documents which identify the name of each and every employee of Defendant who received any call concerning the "Account" during the "relevant period."

**RESPONSE: In response to Request Number 33, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

34.   Any and all documents, loan agreements, contracts, agreements or other written documents establishing the creation of any contractual relationship between the Plaintiff and Defendant relating to the Account at issue in this lawsuit.

**RESPONSE: In response to Request Number 34, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to**

lead to the discovery of admissible evidence; (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege; and it is overly broad and unduly burdensome.

Subject to, and without waiving said general and specific objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.

35.  All documents which identify by name, address, and telephone number of any person or entity Defendant knows or claims may be responsible and/or liable, in whole or in part, for the claims asserted against Defendant in this lawsuit.

RESPONSE: In response to Request Number 35, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

Subject to, and without waiving said general and specific objections, at the present time, Defendant claims that, in addition to Plaintiff, Liberato Montalbo, the Estate of Liberato Montalbo, and the Administrator of the Estate of Liberato Montalbo are responsible and/or liable for the claims asserted against Defendant in this lawsuit. Defendant reserves its right to amend or supplement this response as discovery progresses.

36.  For the "relevant period," all documents, which relate to any effort undertaken by Defendant to stop Defendant's calls to "Plaintiffs cellular telephone number."

RESPONSE: In response to Request Number 36, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is confusing and vague; and (c) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

37.  Any and all documents related to or concerning any conversations between Plaintiff and Defendant, concerning or relating to the "Account" at issue in this lawsuit.

RESPONSE: In response to Request Number 37, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it is overly broad and unduly burdensome; (b) there is no restriction for the relevant time period; (c) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; and (d) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.

Subject to, and without waiving said general and specific objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.

38. A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's use of an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE: In response to Request Number 38, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it would require Defendant to draw multiple legal conclusions in order to respond; and (c) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

39. A copy of all policies and procedures in effect during the "relevant period," regarding Defendant's determination of whether Plaintiff consented to calls placed to "Plaintiffs cellular telephone number" using an "automatic telephone dialing system," "artificial voice," and/or "prerecorded voice."

**RESPONSE:  In response to Request Number 39, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it is confusing and incomprehensible; (c) it would require Defendant to draw multiple legal conclusions in order to respond; and (d) it calls for documents and/or communications protected by attorney-client privilege or work product privilege. Subject to and without waiving said objections, Plaintiff and her husband, Liberato Montablo, provided (352) 804-6743 (the "6743 Number")  at the time of application, thus providing expressed consent under the law to be called using an automatic telephone dialing system, artificial voice and/or prerecorded voice.**

40. A copy of all policies and procedure which concern or relate to practices to be followed by Defendant in communicating with or attempting to collect a debt from the Plaintiffs and specifically related to compliance with 15 U.S.C. §§ 1692f, 1692(d), 1692(d)(5), F.S. §§ 559.72(7) and 559.72(9).

**RESPONSE:  In response to Request Number 40, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it would require Defendant to draw multiple legal conclusions in order to respond; and (c) it calls for documents and/or communications protected by attorney-client privilege or work product privilege.**

41.   Defendant's telephone bill(s) showing the itemization of all calls made by
      Defendant and/or received by Defendant, concerning the subject "Account," for the
      "relevant period" Defendant was calling "Plaintiffs cellular telephone number."

**RESPONSE: In response to Request Number 41, Defendant incorporates by reference all
General Objections set forth above.  Defendant further objects to this Request on the
grounds that: (a) it is confusing and incomprehensible; and (b) it seeks information that is
neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

42.   All documents that support the factual basis of Defendant's denial of any of
      the allegation alleged in Plaintiffs Complaint.

**RESPONSE:  In response to Request Number 42, Defendant incorporates by reference all
General Objections set forth above.**

**Subject to, and without waiving said general objections, Defendant will produce non-
privileged documents responsive to this Request to the extent they exist.**

43.   All documents that support the factual basis of any Affirmative Defense asserted by
      Defendant in its Answer and Affirmative Defenses.

**RESPONSE:  In response to Request Number 43, Defendant incorporates by reference all
General Objections set forth above.**

**Subject to, and without waiving said general objections, Defendant will produce non-
privileged documents responsive to this Request to the extent they exist.**

44.   Provide a log of all documents in Defendant's possession which Defendant asserts
      are protected by attorney work product or the attorney client privilege. In your
      response, please provide the author, recipient and document date of each document
      along with the identity of all persons, other than counsel, who to your knowledge
      have reviewed or seen the documents.

**RESPONSE:  Kohl's objects to this request to the extent that it seeks information beyond
what is required under the Federal Rules of Civil Procedure.  Subject to and without
waiving said objection, Defendant will provide a privilege log that complies with the
Federal Rules.**

45.   All documents related to any alleged prior express consent given by Plaintiff to
      allow Defendant's "telephone calls" to "Plaintiff's cellular telephone number."

**RESPONSE: In response to Request Number 45, Defendant incorporates by reference all
General Objections set forth above.  Defendant further objects to this Request on the**

**grounds that: (a) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (b) it would require Defendant to draw multiple legal conclusions in order to respond; and (c) it calls for documents and/or communications protected by attorney-client privilege or work product privilege**

**Subject to, and without waiving said general and specific objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

46. All documents related to any alleged permission Defendant claims to possess that permitted the telephone calls to Plaintiff's cellular telephone number.

**RESPONSE: In response to Request Number 47, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) this request appears to duplicate Request No. 45 above; (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence; (c) it would require Defendant to draw multiple legal conclusions in order to respond; and (d) it calls for documents and/or communications protected by attorney-client privilege or work product privilege**

**Subject to, and without waiving said general and specific objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

47. Documents which identify the make, model, and software version of the telephone system(s) used by Defendant to "make telephone calls" to "Plaintiff's cellular telephone number" during the "relevant period."

**RESPONSE: In response to Request Number 48, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that it is confusing and vague.**

**Subject to, and without waiving said general and specific objections, Defendant will produce non-privileged documents responsive to this Request to the extent they exist.**

48. Prior complaints, formal or informal, whether in writing or not, made by consumers or their attorneys, concerning alleged violations of state and federal law relating to the collection of consumer debts.

**RESPONSE: In response to Request Number 49, Defendant incorporates by reference all General Objections set forth above. Defendant further objects to this Request on the grounds that: (a) it is confusing and vague; (b) it is overly broad and unduly burdensome; (c) it calls for documents and/or communications protected by attorney-client privilege or work product privilege; and (d) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

49.   Prior complaints, formal or informal, whether in writing or not, received from government entities concerning alleged violations of state and federal law relating to the collection of consumer debts.

**RESPONSE:  In response to Request Number 50, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it is confusing and vague; (b) it is overly broad and unduly burdensome; (c) it calls for documents and/or communications protected by attorney-client privilege or work product privilege; and (d) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence**

50.   Prior lawsuits filed against the Defendant, during the relevant time-period, for violation(s) of the FCCPA in reference to collecting debts.

**RESPONSE:  In response to Request Number 51, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it is confusing and vague; (b) it calls for documents and/or communications protected by attorney-client privilege or work product privilege; and (c) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

51.   Prior lawsuits filed against the Defendant, during the relevant time period, for violation(s) of the TCPA.

**RESPONSE:  In response to Request Number 52, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) it calls for documents and/or communications protected by attorney-client privilege or work product privilege; and (b) it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.**

52.   Any and all contracts between you and the owner of the debt in question in regards to the collection of debts/accounts.

**RESPONSE:  In response to Request Number 53, Defendant incorporates by reference all General Objections set forth above.  Defendant further objects to this Request on the grounds that: (a) the meaning of "owner of the debt" is vague and ambiguous; and (b) it assumes facts not in evidence. Kohl's is the servicer of the debt from the moment the debt is incurred and does not act as a third party collection agency.**

**Subject to, and without waiving said general and specific objections, Defendant reserves its right to supplement or amend this response as discovery progresses.**

DATED:  April 18, 2016                     KELLEY DRYE & WARREN LLP


                                           By:   /s/ Michael A. Innes
                                                 Michael A. Innes
                                           Attorneys for Defendant Kohl's
                                           Department Stores, Inc.

**CERTIFICATE OF SERVICE**

I certify that on April 18, 2016, I served Objections And  Responses Of Defendant Kohl's Department Stores, Inc. To Plaintiff's First Request For Production of Documents via email at William Peerce Howard Billy@TheConsumerProtectionFirm.com.

/s/ Michael A. Innes
Michael Innes
minnes@kelleydrye.com